SUZANNE L. MARTIN
Nevada Bar No. 8833
suzanne.martin@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Wells Fargo Tower
Suite 1500
3800 Howard Hughes Parkway
Las Vegas, NV  89169
Telephone:  702.369.6800
Fax:  702.369.6888

MOLLY M. REZAC
Nevada Bar No. 7435
molly.rezac@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
200 S. Virginia Street, 8th Floor
Reno, NV  89501
Telephone: 775.440.2372

*Attorneys for Defendants TopGolf USA Las Vegas, LLC
And Top Golf USA, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ELBA SERVIN, BRIAN GOMEZ, and NATALY PUEBLAS,<br><br>                      Plaintiffs,<br>vs.<br><br>SILVINO HINOJOSA, TOPGOLF USA LAS VEGAS, LLC, TOPGOLF USA, INC., DOES I through X, inclusive, and ROES I through X, inclusive,<br><br>                      Defendants. | Case No.:<br><br>[District Court Case No. A-21-831471-C]<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO<br>28 U.S.C. §§ 1331, 1367 AND 1441** |

**TO:   THE CLERK, UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA:**

PLEASE TAKE NOTICE that Defendants TopGolf USA Las Vegas, LLC ("TopGolf LV") and Top Golf USA, Inc. ("Top Golf USA") (collectively TopGolf LV and Top Golf USA are referred to as "TopGolf"), by and through undersigned counsel hereby files this Notice of Removal

of Action ("Notice"), pursuant to 28 U.S.C. §§1331, 1367, and 1441, removing this case from the Eighth Judicial District Court of the State of Nevada, Case No A-21-831471-C (the "State Court Action"), in which it is now pending, to the United States District Court for the District of Nevada. Federal question jurisdiction of this Court is invoked under 28 U.S.C. §1331 and supplemental jurisdiction over state law claims is invoked under 28 U.S.C. §1367.

## I. State Court Action

Plaintiffs Elba Servin, Brian Gomez, and Nataly Pueblas ("Plaintiffs") filed the State Court Action against TopGolf in the Eighth Judicial District Court of the State of Nevada on March 19, 2021, Case No. A-21-831471-C. (*See* a true and correct copy of the Plaintiffs' Complaint attached hereto as **Exhibit A**.) Plaintiffs electronically issued Summonses for TopGolf on March 23, 2021. Affidavits of Service were electronically filed for TopGolf USA Las Vegas, LLC (**Exhibit B**), and Top Golf USA, Inc. (**Exhibit C**), on May 17, 2021. The Affidavit of Service for Defendant, Silvino Hinojosa was electronically filed on May 25, 2021 (**Exhibit D**).

The State Court Action generally alleges claims for sexual harassment, retaliation, intentional infliction of emotional distress, negligent infliction of emotional distress, negligence, assault and battery, fraud and deceit.

## II. This Court Has Federal Question Jurisdiction Under 28 U.S.C. § 1331

### A. Plaintiffs' Harassment and Retaliation Claims Assert a Federal Question

Title VII, 42 U.S.C. §2000e-2(a)(1), is a federal law that prohibits harassment, including sexual harassment, and retaliation. "Title VII forbids actions taken on the basis of sex that 'discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment.'" *Clark County School Dist. v. Breeden*, 532 U.S. 268, 270 (2001) (citing 42 U.S.C. §2000e-2(a)(1)). The Supreme Court reiterated again that "sexual harassment is actionable under Title VII only if it is 'so severe or pervasive as to alter the conditions of [the victim's] employment and create an abusive working environment.'" *Id*. In addition, Title VII's anti-retaliation provision, 42 U.S.C. §2000e-3(a) provides, in relevant part, "it shall be an unlawful employment practice for an employer to discriminate against any of his

employees…because he has opposed any practice made an unlawful employment practice by this subchapter… ."

Plaintiffs' First Cause of Action, entitled "Harassment,"[1] alleges the elements of a harassment claim under Title VII, thus asserting a federal question. Specifically, Plaintiffs' allege "Hinojosa repeatedly engaged in sexual harassment of Plaintiffs during the course of their employment with TopGolf LV. Defendant Hinojosa's sexual advances were unwelcome, pervasive, and severe, which created a hostile work environment." (*See* **Exhibit A**, Complaint, at ¶87.)

Similarly, the Second Cause of Action, entitled "Retaliatory Discharge," alleges a retaliation claim under Title VII by asserting that "Plaintiff Gomez opposed TopGolf Defendants unlawful discriminatory employment practices described herein by complaining about those practices to TopGolf Defendants' managers…" and "as a proximate result of this, Plaintiff Gomez was terminated for the pretextual reason that he had 'stolen time from TopGolf LV.'" (*See* **Exhibit A**, Complaint, at ¶92 and ¶93.)

Accordingly, as Plaintiffs' Complaint asserts two claims under Title VII, it presents federal question jurisdiction under 28 U.S.C. §1331.

/ / /

/ / /

---

[1] Plaintiffs' Complaint concedes the harassment and retaliation claims are based on federal law. They invoke the "single filing rule" in their Complaint as a basis for their Title VII claims. In paragraph 21, they allege:

> On July 12, 2018, Ciara Williams filed a sexual harassment and assault Charge of Discrimination ("charge") ***with the federal agency*** responsible for enforcing federal laws that make sexual harassment in the workplace illegal (the Equal Employment Opportunity Commission or "EEOC"). Williams' charge described Hinojosa's harassment, assault, and subsequent promotion, and the corruption at TopGolf implicit in its retaining and rewarding him. As a matter of law, pursuant to the "single filing rule" Williams' Charge satisfied the individual Plaintiffs' herein duty to exhaust their administrative remedies by refiling redundant charges.

(*See* Exhibit A, Complaint, at ¶ 21). The Complaint also specifically refers to the Ciara Williams lawsuit, which states claims against the same defendants, and which Plaintiffs' also acknowledge is pending ***in federal court***, *Williams v. Hinojosa, et al.*, Case No.: 2:20-cv-01871-RFB-NJK. (*See id.,* at ¶7.)

- 3 -

**B.    This Court Has Supplemental Jurisdiction Over Plaintiffs' Remaining State Law Claims Under 28 U.S.C. §1367**

Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over all other claims that are so related to Plaintiffs' federal causes of action "that they form part of the same case or controversy under Article III of the United States Constitution." State law claims fall within this Court's supplemental jurisdiction when they share with the federal claims "a common nucleus of operative fact …such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

Here, Plaintiffs' also pursue relief via various state law claims, including (3) Intentional Infliction of Emotional Distress; (4) Negligent Infliction of Emotional Distress; (5) Negligence; (6) Assault and Battery; and (7) Fraud/Deceit. Each and every one of Plaintiffs' tort claims against TopGolf is based on Plaintiffs' alleged, respective interactions with Hinojosa while employed at TopGolf LV, and their respective experience as employees at TopGolf LV. These claims arise out of the same, common nucleus of operative facts as Plaintiffs' federal causes of action. (*See generally*, **Exhibit A**.) Therefore, this Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

There is no reason why this Court should not exercise supplemental jurisdiction over Plaintiffs' state law claims. Plaintiffs' state law claims neither raise novel or complex issues of state law nor predominate over the claims over which this Court has original jurisdiction, and there are no exceptional circumstances or other compelling reasons for this Court to decline supplemental jurisdiction. *See* 28 U.S.C. § 1367(c). Removal is, therefore, proper.

**III.    This Removal Is Timely**

Plaintiffs served TopGolf LV and Top Golf USA on May 6, 2021. As this Notice is being filed on June 4, 2021, less than 30 calendar days after the Complaint was served on the first Defendant, the removal is timely pursuant to 28 U.S.C. § 1446(b).

**IV.    Requirements For Removal**

Defendants have met all other requirements for removal as follows:

A.    This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

B.  This Court has supplement jurisdiction pursuant to 28 U.S.C. §1367.

C.  Removal is proper pursuant to 28 U.S.C. § 1441.

D.  Defendant attached to this Notice as **Exhibits A through D** copies of "all process, pleadings and orders" served upon it pursuant to 28 U.S.C. § 1446(a).

E.  Defendant also concurrently filed a copy of this Notice in the Eighth Judicial District Court for the State of Nevada.

F.  Defendant served a copy of this Notice upon Plaintiffs' counsel.

G.  Co-Defendant Hinojosa consents to removal of Plaintiffs' action. Currently, Co-Defendant Hinojosa is detained in Clark County Jail. (*See* Declaration of Patricia Doyle, attached hereto as **Exhibit E**, at ¶ 4.) The jail is not allowing contact visits due to the COVID-19 pandemic. (*Id*., at ¶ 5.) Paperwork for his signature to consent to removal has been provided to his public defender, Ms. Doyle; however, she must either send it to him, or make an appointment to see him, which she has not yet had an opportunity to do. (*Id*., at ¶ 6.) However, Ms. Doyle has spoken to her client, Co-Defendant Hinojosa, has explained that TopGolf is removing this case, and he has provided Ms. Doyle with his verbal consent to the removal of this action to federal court and has agreed to execute and return the Consent to Removal when he receives it. (*Id*., at ¶6.)

H.  This Notice is executed pursuant to Federal Rule of Civil Procedure 11.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

- 5 -

**V.     Conclusion**

For the foregoing reasons, removal of this action to this Court is proper.

DATED this 4th day of June, 2021.

        **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

        */s/ Suzanne L. Martin*
        Suzanne L. Martin
        Nevada Bar No. 8833
        Wells Fargo Tower
        Suite 1500
        3800 Howard Hughes Parkway
        Las Vegas, NV  89169

        Molly M. Rezac
        Nevada Bar No. 7435
        OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
        200 S. Virginia Street, 8th Floor
        Reno, NV  89501

        *Attorneys for Defendants TopGolf USA Las Vegas, LLC, and Top Golf USA, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that I electronically transmitted the foregoing **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1367 AND 1441** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant(s):

James J. Lee

Pursuant to FRCP 5(b), I hereby further certify that service of the foregoing was also made by depositing a true and correct copy of same for mailing, first class mail, postage prepaid thereon, at Las Vegas, Nevada, addressed to the following:

James J. Lee
Law Offices of James J. Lee
2620 Regatta Drive #102
Las Vegas, NV 89128
*Attorney for Plaintiffs*

Silvino Hinojosa, ID #01722886
Clark County Detention Center
330 S. Casino Center Boulevard
Las Vegas, NV  89101-6102
*Defendant in pro se*

DATED this 4th day of June, 2021.

*/s/ Monica Gonzalez*
AN EMPLOYEE OF OGLETREE, DEAKINS,
NASH, SMOAK & STEWART, P.C.